UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PEGGY RENO

VERSUS

EAST BATON ROUGE
PARISH SCHOOL BOARD
AND CHARLOTTE PLACIDE

CIVIL ACTION

NO. 09-794-JVP-SCR

## RULING ON MOTION TO DISMISS

This matter is before the court on a motion by defendants, East Baton Rouge Parish School Board and Charlotte Placide, to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (doc. 5). Plaintiff, Peggy Reno, has opposed the motion (doc. 9) and defendants have replied to the opposition (doc. 12). Jurisdiction is based on 28 U.S.C. 1331. A hearing on the motion was held on January 28, 2010.

## BACKGROUND

Plaintiff is a teacher employed by the East Baton Rouge Parish School Board. On September 23, 2009, she initiated this action for damages under 42 U.S.C. §1983, alleging that defendants violated her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Complaint, ¶¶ 1, 3).

Plaintiff's complaint alleges that the East Baton Rouge Parish School Board has promulgated written policies and procedures which require teachers to undergo drug and alcohol testing every time they are injured on the job, and that Charlotte Placide, the Superintendent of Schools, was the final policymaker with regard to the drafting, interpretation, and/or implementation of that drug testing policy.  According to the complaint, plaintiff was attacked by a student on September 24, 2008, while acting in her official capacity as a member of the teaching staff at Mohican Education Center.  Plaintiff alleges that, after the attack, and without any individualized suspicion that she was under the influence of drugs or alcohol, a School Board official ordered her to undergo drug and alcohol testing pursuant to the policy.  Plaintiff further alleges that a reasonable Superintendent of Schools would have recognized her clearly established right to be free of such testing under *United Teachers of New Orleans v. Orleans Parish School Board*, 142 F.3d 853 (5th Cir. 1998).

Claiming that she has suffered humiliation, embarrassment and emotional distress as a result of having to take the drug and alcohol test, plaintiff seeks compensatory damages, punitive damages and attorneys' fees, as well as court costs, judicial interest and any other relief the court may find appropriate. (Complaint, ¶¶ 3, 6-8).

Defendants filed the present motion to dismiss on November 30, 2009. Defendants argue that plaintiff has: (1) failed to allege that her consent to the drug test was coerced; (2) not alleged any particular action by defendant,

Charlotte Placide, that implicates her in the alleged constitutional violations; and (3) has failed to demonstrate that Placide, does not have qualified immunity (doc. 12).

## LAW AND ARGUMENT

In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in her complaint are accepted as true and the allegations are construed in the light most favorable to her. *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005). The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the court does not accept conclusory allegations, unwarranted factual inferences or legal conclusions as true. *Central Laborer's Pension Fund. v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S 544,127 S.Ct. 1955, n. 14, 167 L.Ed.2d 929 (2007).

**Whether Coerced Consent is Alleged**

Defendants argue that plaintiff has failed to allege facts which would support a finding that she was coerced to take the test (doc. 12, p. 3). The complaint, however, alleges that the drug test was administered pursuant to the

policy, practice and/or custom of East Baton Rouge Parish School Board (Complaint, ¶ 5).  The Louisiana State Supreme Court has stated that "teachers may be dismissed for willful neglect of duty only for a specific action or failure to act in contravention of a direct order or identifiable school policy."  *Howard v. West Baton Rouge Parish School Bd.*, 793 So.2d 153, 156 (La.2001) (quoting, *Coleman v. Orleans Parish School Bd.*, 688 So.2d 1312, 1316 (La.App. 4 Cir. 1997, *writ denied*, 692 So.2d 1087 (La.1997)).

Accordingly, if, as plaintiff alleges in the complaint, the test was administered due to School Board policy and/or she was ordered to take the test, then her refusal to take the test could reasonably have rendered her subject to dismissal for willful neglect of duty.  As defendants have noted, coercion my be found when "the public employee has a subjective belief, objectively reasonable under the circumstances, that she will suffer adverse consequences as a result of refusing to waiver [sic] her constitutional rights."  (Doc. 12, p. 3 (*citing McKinley v. City of Mansfield*, 404 F.3d 418, 436, n. 20 (6th Cir. 2005)).[1] Therefore, accepting the well-pleaded facts alleged in her complaint as true and construing all allegations in the light most favorable to her, the court finds that

---

[1] The court in *McKinley* also declined to require proof that the plaintiff reasonably believed he would be fired, stating "although job termination is surely a 'substantial penalty,' so, too, are other employer actions, such as ordering a demotion or suspension."  404 F.3d at 436, n. 20. Thus, a subjective belief that a plaintiff will be denied workers' compensation benefits if she fails to comply with a School Board policy may also be sufficient ground for a finding of coercion. Moreover, the court finds no merit in defendants' argument that coercion cannot be found where the adverse consequence of violating a School Board policy would be enforced by a separate agency according to state law.

plaintiff has met her burden of alleging facts that render a finding of coercion plausible.

**Whether Plaintiff Alleged a Constitutional Violation by Charlotte Placide**

Defendants argue that the claim asserted against Charlotte Placide "is an individual, not official, capacity claim" (doc. 12, p. 6). Paragraph Two of the complaint, however, states that claims are asserted against Charlotte Placide, "in her individual and official capacities." The complaint also alleges that Charlotte Placide was personally responsible for the policy, practice, and/or custom pursuant to which Ms. Reno was forced to undergo drug testing" (Complaint, ¶8).

A plaintiff is free to set forth alternative claims in a complaint regardless of consistency. *See,* Fed.R.Civ.P. 8(d)(2) &(3). Moreover, pleadings must be construed by the court so as to do justice. Fed.R.Civ.P. 8(e). To read the eighth paragraph of the complaint as asserting only an individual capacity claim against Placide would be contrary to the second paragraph which states that the claims are asserted against Placide in both her individual capacity and in her official capacity as Superintendent of Schools. Moreover, the complaint alleges that Placide acted as a final policymaker with regard to the drug testing policy or custom at issue.[2]

---

[2] Because the court does not look beyond the pleadings in ruling upon a 12(b)(6) motion to dismiss, the court does not herein make any determination whether Charlotte Placide was a final policymaker for the East Baton Rouge Parish School Board. The parties will have ample opportunity to brief the court on that issue and the court will then determine the issue as a matter of law.

Defendants also argue that the individual capacity claims against Placide should be dismissed because plaintiff failed to allege that Placide was personally involved in a constitutional deprivation (doc. 5-1, p. 5; doc 12, p. 5-6). However, the complaint alleges that Placide was "personally responsible" for the practice and/or custom under which plaintiff was forced to undergo drug testing. Construing the complaint to do justice as is required by Rule 8(e) of the Federal Rules of Civil Procedure, the court concludes that plaintiff has set forth an alternative, individual capacity claim against Placide by alleging that the drug test was administered to plaintiff pursuant to a personal order or directive issued by Placide in the absence of any such official policy. For the above reasons, the court finds that plaintiff has properly asserted claims against Charlotte Placide in her individual and official capacities.

**Whether Defendant, Placide, Is Entitled to Qualified Immunity**

For a right to be clearly established such that qualified immunity is inapplicable, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). "Officials should receive the protection of qualified immunity 'unless the law is clear in the more particularized sense that reasonable officials should be put on notice that their conduct is unlawful.'" *Id.* at 393 (quoting *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004)). "The court's focus, for purposes of the 'clearly established'

analysis should be on 'fair warning': qualified immunity is unavailable 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'" *Id.* (quoting *Hope v.* Pelzer*,* 536 U.S. 730, 740, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)).

Plaintiff argues that *United Teachers of New Orleans v. Orleans Parish School Board*, 142 F.3d 853 (5th Cir. 1998) clearly establishes her right to be free from suspicionless drug and alcohol testing under the circumstances alleged. In *United Teachers*, the Fifth Circuit Court of Appeals found that school board policies that required drug testing of employees injured in the course of their employment violated the Fourth Amendment. The court stated that no special needs exception to the requirement of individualized suspicion applied; the testing did not respond to any identified problem of drug use by employees; and an insufficient nexus existed between injury and drug use.

In support of their argument that the circuits are split on the issue of suspicionless drug testing of teachers, thus precluding a finding that plaintiff's right to be free of this type of suspicionless testing is clearly established, defendants cite *Knox County Educ. Assoc. v. Knox County Bd. of Education*, 158 F.3d 361 (6th Cir. 1998).[3] *Knox*, however, involved suspicionless testing only of

---

[3]Defendants cite *McClendon v. City of Columbia*, 239 F.3d 366 (5th Cir. 2002) (*en banc), cert. denied,* 537 U.S. 1232, 123 S.Ct. 1355, 155 L.Ed.2d 196 (2003), and *Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 196 (2003) (holding that a division of opinion among the circuits precludes a constitutional rule from being "clearly established" for purposes of qualified immunity). (Doc. 12, p. 6).

employees applying for, or transferring to, safety sensitive positions. Such a policy is not at issue in the present case.

The policies at issue in *United Teachers,* however, mandated suspicionless testing of school board employees who were injured on the job even if their positions were not safety sensitive. In concluding that the policies could not stand, the court in *United Teachers* noted that "[i]n limited circumstances, where the privacy interests implicated by the search are minimal, and where an important governmental interest furthered by the intrusion would be placed in jeopardy by a requirement of individualized suspicion, a search may be reasonable despite the absence of such suspicion." *United Teachers*, 142 F.3d at 856 (quoting *Chandler v. Miller*, 520 U.S. 305, 314 117 S.Ct. 1295, 1301, 137 L.Ed.2d 513 (1989) (quoting *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602. 624, 109 S.Ct. 1402, 1417, 103 L.Ed.2d 639 (1989)). However, in addressing whether the testing of employees who were injured in the course of employment furthered an important government interest, the court stated:

> "[W]orkers chosen for testing are simultaneously under inclusive and overinclusive, remarkably so. The bite is underinclusive because only persons injured in the course of employment are to be tested. It is overinclusive because all persons injured are tested, not just persons injured under circumstances suggesting their fault. Stated another way, there is an insufficient nexus between suffering an injury at work and drug impairment. The school boards have not shown that their rules are responsive to an identified problem in drug use by teachers, teachers' aids, or clerical workers. Regardless, their general interest in a drug-free school environment is not served by these rules.

> That the triggering event for testing is any injury-producing incident is no quirk or inept rulemaking. To the contrary, the rules appear to do precisely what they were intended to do; support the state's generalized interest in not paying compensation claims of employees whose injury was caused by drug use. Under the Louisiana worker's compensation scheme intoxication is a defense to a claim. A claimant refusing "drug and alcohol testing" faces a presumption that must be overcome to be awarded benefits. LA.Rev. Stat. § 49:1015.

*United Teachers*, 142, F.3d at 856-857.

The complaint alleges that plaintiff's drug test was administered pursuant to virtually identical criteria—the test was administered simply because plaintiff was injured on the job. Of all the cases cited by the parties, only *United Teachers* addresses that specific criteria for suspicionless testing of teachers, and, as the court in *United Teachers* makes clear, there is an insufficient nexus between merely suffering an injury at work and drug impairment. Rather than furthering any important governmental interest, rules that require drug and alcohol testing of every employee injured at work "appear to do precisely what they were intended to do; support the state's generalized interest in not paying compensation claims of employees whose injur[ies were] caused by drug use."[4]

---

[4] The court also notes that, according to paragraph 6 of the complaint, the criteria for administering suspicionless alcohol and drug testing is stated in the School Board's Workers' Compensation Packet.

The court concludes that *United Teachers* clearly establishes the applicable law for purposes of qualified immunity, and that the plaintiff has met her burden of demonstrating that qualified immunity does not apply in this case.

## CONCLUSION

For the foregoing reasons, the motion by defendants, East Baton Rouge Parish School Board and Charlotte Placide, to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (doc. 5), is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on March 23, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**